By the Couet.—Curtis, Oh. J.
The principal question presented is very much the same as that passed upon by the general term in Van Dolsen v. Abendroth, 43 N. Y. Superior Ct. 470.
In this latter case, the plaintiff Van Dolsen was a party to the proceedings in bankruptcy, where it was competent to have Abendroth adjudged a general partner, if he had elected to interpose such a claim and establish it; but he did not, and participated in the dividend under the adjudication in bankruptcy, in which Abendroth was held a special jjartner. The court considered that it would be inconsistent with well-settled rules, that this matter, which was, or could have been determined in the proceedings in the United States district court, should be allowed to be litigated here, and overruled the demurrer to the defendant’s answer.
The answer in the present case is similar, but the question comes before the court after a trial, upon exceptions.
*469 The evidence shows, that the plaintiff’s assignors, Colwell & Brother, were parties to the proceedings in bankruptcy, and received a dividend under the adjudication. They had their opportunity to show that the defendant Abendroth was liable as a general partner. They knew of the advertisement of the limited partnership. If they wished to contest its legality, they had their recourse to the records in the county clerk’s office, and to the bankrupts, and to their books and papers in the hands of the assignee, the defendant, and ah opportunity in the federal court of being heard, and of having an adverse decision reviewed. It was in evidence that at the second general meeting of the creditors, the register held, that it appeared by the evidence that Griffith & Wundram, the bankrupts, were the general partners of the limited partnership of “ Griffith & Wundram, ’ ’ and that the defendant Abendroth was its special partner, and it was also shown, that the report and certificate of the register were approved by the United States district judge. The decretal order of the judge recites that due notice had been given of such second general meeting to all the creditors of the bankrupts, as appeared by the proof thereof, duly filed. In all these bankruptcy proceedings the plaintiff’s assignors were actors, and participated in the results. If these bankruptcy proceedings were irregular, or the decision erroneous, they had then and there an ample opportunity for a rehearing, or a review. But having proceeded thereunder without raising this question, which they could have done, and having gathered all the fruits of that adjudication, they are debarred from raising it here.
There is nothing that appears at the trial of the present case in regard to this question to take it out of the scope of the decision in the corresponding case of Van Dolsen v. Abendroth, above referred to.
At the close of the plaintiff’s case, the defendant *470 moved to dismiss the complaint, which the court denied lor the present. At the close of the testimony, the defendant moved to dismiss the complaint. That motion was denied and the defendant excepted.
This motion was substantially a motion to dismiss the complaint, for the reason that the evidence failed to establish a cause of action against the defendant, Abendroth. If the court ought to have granted this motion, to dismiss the complaint, the fact that other reasons or grounds which may not have been tenable were also mentioned, does not sustain an erroneous ruling denying it. Amotion to dismiss, on the ground that no cause of action is proved against the defendant, may present a question vital to the litigation. The law does not contemplate, that where no cause of action is proved, the court should by any informality in the form of the motion to dismiss the complaint, be placed under the necessity of finding that there is one proved, and what it is, and of directing a verdict accordingly.
The court directed a verdict for the plaintiff for $7,051.24, and ordered the exceptions to be heard in the first instance at the general term, but the case does not show that these directions were made upon the motion of either party, or that any exception was taken to the direction for a verdict. This subsequent disposition of the case did not affect the accrued right of the defendant, if there was no cause of action proved against him, and he had moved for a dismissal of the complaint and excepted to the denial of his motion. -
Defendant’s exception should be sustained, and the verdict set aside, and there should be a new trial, with costs to appellant to abide the event.
Sedgwick and Freedman, JJ., concurred.